PROVIDED TO
CENTURY CI

JAN 1 2 2024

FOR MAILING
RECEIVED BY

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

### JAMES JONATHAN MITCHELL ,

Inmate ID Number: P05455_____,
*(Write your full name and inmate ID
number.)*

**v.**

### SGT. M. LAVORADO and    ,
### WARDEN DAIQUIRI DUNCAN,
*et al.*
_____,
_____,

*(Write the full name of each
Defendant who is being sued. If the
names of all the Defendants cannot
fit in the space above, please write
"see attached" in the space and
attach an additional page with the
full list of names. Do not include
addresses here.)*

Case No.: *3:24 cv 29-LC-HTC*
*(To be filled in by the Clerk's Office)*

**Jury Trial Requested?**

☑ **YES** ☐ **NO**

_____ /

## I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Update
FILED USDC FLND PN
JAN 18 '24 PM1:07

Plaintiff's Name: **JAMES JONATHAN MITCHELL**  ID Number: **P05455**

List all other names by which you have been known:

**JIM MITCHELL,  JJ MITCHELL,  JAMES THORBECKE**

Current Institution:        **CENTURY CORRECTIONAL INSTITUTION
400 TEDDER ROAD
CENTURY, FL  32535**

B.  Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *each and every* Defendant:

1.  Defendant's Name: **M. LAVORADO**

Official Position:  **CORRECTIONAL OFFICER  SERGEANT**

Employed at:  **TOMOKA CORRECTIONAL INSTITUTION**

Mailing Address:  **3950 TIGER BAY ROAD
DAYTONA BEACH,  FLORIDA  32124**

☑ Sued in Individual Capacity          ☐ Sued in Official Capacity

2. Defendant's Name: **DAIQUIRI DUNCAN**

Official Position: **FDOC WARDEN**

Employed at: **TOMOKA CORRECTIONAL INSTITUTION**

Mailing Address: **3950 TIGER BAY BLVD.**
                 **DAYTONA BEACH, FL 32124**

☑ Sued in Individual Capacity        ☐ Sued in Official Capacity


3. Defendant's Name: **MR. LOPEZ**

Official Position: **FDOC CAPTAIN**

Employed at: **TOMOKA CORRECTIONAL INSTITUTION**

Mailing Address: **3950 TIGER BAY BLVD.**
                 **DAYTONA BEACH, FL 32124**

☑ Sued in Individual Capacity ☐ Sued in Official Capacity (*Provide*

*this information for all additional Defendants in this case by*

*attaching additional pages, as needed.*


4. Defendant's Name: **C.O. OFFICER JANE DOE**

Official Position: **FDOC CLASSIFICATION OFFICER**

Employed at: **WALTON CORRECTIONAL INSTITUTION**

Mailing Address: **691 INSTITUTION ROAD**
  **DeFUNIAK SPRINGS, FL  32433**

☑ Sued in Individual Capacity ☐ Sued in Official Capacity

5. Defendant's Name: **L.E. ANDREWS**

Official Position: **INSPECTOR GENERAL OFFICER**

Employed at: **OKALOOSA  CORRECTIONAL INSTITUTION**

Mailing Address: **3189 COLONEL GREG MALLOY ROAD**
  **CRESTVIEW, FL  32539**

☑ Sued in Individual Capacity ☐ Sued in Official Capacity

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)   ☑ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee    ☐ Civilly Committed Detainee

☑ Convicted State Prisoner    ☐ Convicted Federal Prisoner

☐ Immigration Detainee    ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* showing why you are entitled to relief. Describe how *each* Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.*** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to the complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

# STATEMENT OF FACTS (SoF-1/7)

## COUNT I:
### HARASSMENT & RECKLESS ENDANGERMENT
### VIA PRIVACY INVASION & FAILURE TO PROTECT

i. At all times material to this count, Plaintiff was an adult prison resident at Tomoka C.I. (TCI) in Volusia County, Daytona Beach, Florida.

ii. On 11/20/19, Plaintiff was asked by TCI Medical Records Custodian (MRC) T. Plumley, if he was a transgender person (TGP).

iii. Without further inquiry, Plumley presented Plaintiff some "routine" intake forms to sign, which he did without reading them.

iv. Weeks later Plaintiff was placed in an outdoor holding pen apparently along with the entire inmate LGBTQ community where he was facetiously humiliated by being identified by other inmates as a TGP.

v. Later, Plaintiff was taken in turn into an office where he was offensively asked his sexual preference, did he have female breasts, did he desire medical sexual reassignment, did he desire to be housed at a female prison, among other obnoxious and harassing questions.

vi. On or about 1/14/20 while in TCI's Horizon dorm (D2), Plaintiff was asked by an inmate orderly, Justin Rogers, "Are you a TGP?" − whereupon asking why he would ask, Rogers told Plaintiff that his boss (Sgt. Lavorado) allowed him to look at the TGP's list and had seen Plaintiff's name there.

vi-2. TO NO AVAIL − Following the humiliating revelation of ¶ vi. above, Plaintiff requested MRC Plumley numerous times to remove his name from all TGP prison lists.

vi-3. In days & weeks following, Plaintiff began experiencing hateful disrespect from many other program participants not experienced before.

5 of 24

vii.  TO NO AVAIL − On 4/10/20, Plaintiff requested Classification Supervisor, Ted Keys, to: (a) remove his name from all TGP info. systems and lists; (b) help with getting antibiotics for an upper respiratory infection with which he had suffered since November of 2019. At that time, Plaintiff voiced his opinion to Keys he believed he was being medically neglected intentionally due to his life sentence and TGP misclassification.

viii.  On 4/20/20, inmate Sadik Baxter assaulted Plaintiff in D2 by attempting to back hand him while verbally threatening to harm him.

ix.  TO NO AVAIL − On 4/20/20 at ~3:00 p.m. in D2, Plaintiff handed Sgt. Robertson a request form asking for his help being protected from Baxter − based on Baxter's above assault/threat, his known possession of a knife-shank, and his known history of violence against other inmates.

x.  In violation of Florida Administrative Code's Chaper 33 policy & procedures, Sgt. Roberts maliciously failed investigating Plaintiff's safety request.

xi.  On 5/3/20 at 4:30 p.m. in D2, inmate Baxter assaulted Plaintiff in the bathroom by threatening to kick his assistance while stating to other inmates Plaintiff was a TGP, etc. .

xii.  On 5/3/20 at 4:40 p.m. in D2, inmate Baxter followed Plaintiff from the shower to his bunk, demanded to see in his locker and struck him above the left eye with a piece of metal  −  causing Plaintiff to suffer lasting vision defects and disfigurement, pain, humiliation, long-term fear and anxiety and loss of program rehabilitation in the dorm.

xiii.  On 5/27 or 5/28/20 at 10:30 p.m. in D2, Plaintiff was attacked from behind in the shower by inmate Lumiel Cole, causing Plaintiff pain, suffering humiliation, loss of programming and unrequested confinement for 72 days.

*8 oF-34*

ixv. Following the ¶xii beating, Cole incited the inmate of D2, bunk 101-up, to leave the shower, retrieve a poker-shank and return with it to force Plaintiff out of the bathroom under threat of being stabbed to death at 10:34 p.m. on 5/28/20– which caused Plaintiff humiliation, fear, anxiety, loss of programming and unrequested confinement while both Cole and 101-up remained in dorm D2.

xv. TO NO AVAIL  –  On 6/8/20, Plaintiff filed an informal grievance (I/G 282-2006-0166),  complaining the property room Sergeant (Lavorado) had purposely and maliciously disclosed Plaintiff 's classified gender identity to his inmate worker,  Justin Rogers, by allowing him to view the prison's TGP list. The I/G was improperly answered and denied by Lavorado himself.

xvi. TO NO AVAIL  –  On 6/26/20, Plaintiff again grieved Sgt. Lavorado's privacy invasion and false light slander, as above, which caused Plaintiff *no less than* one Aggravated Assault against him, as in ¶s  xii & ixv,  above.

xvii. TO NO AVAIL  –  On 6/26/20,  Plaintiff grieved that his name had not been removed from the TCI prison TGP list that was used improperly to slander, persecute, shame, intentionally endanger and to maliciously cast Plaintiff in a false light for sadistic purposes.

## COUNT II
## RECKLESS ENDANGERMENT VIA PRIVACY INVASION AND UNEQUAL PROTECTION

xviii. At all times material to this count, Plaintiff was an adult prison resident at Walton C.I. (WCI) in Walton County,  DeFuniak Springs,  Florida.

ixx. On 11/15/21 at~ 10:30 a.m. at WCI's intake photo office room, unknown defendant, C.O. Jane Doe, recklessly, maliciously and without regard for the privacy rights of Plaintiff  –  revealed in the presence of an inmate worker that Plaintiff was listed in the computer as a TGP,  which  needlessly and without penological justification caused Plaintiff humiliation,  anxiety & fear, and also,  more likely than not,  proximately caused or contributed to the attack of

5of44

Plaintiff by another inmate believing Plaintiff was a TGP, as in ¶20;  which took place following Plaintiff's request to Classification Officer Strummenger to re-house him out of harm's way in dorm A1on 11/18/21.

xx.  On 11/24/21 at 7:40 a.m. in WCI's dorm A1 bunk area,  Plaintiff  was attacked by inmate Francisco Semidey,  who struck Plaintiff in the face with a lock while yelling disparaging sexual/gender epithets,  causing Plaintiff pain, suffering,  permanent vision defects and disfigurement,  shoulder  &  neck injury, recurring headaches, dizziness, humiliation, anxiety & paranoia  that affects his every interaction & relationship(s) negatively all the way to this day, and a loss of capacity to enjoy life.

xxi.  TO NO AVAIL  −  Plaintiff grieved the ¶xx attack was caused by ministerial duty failures, and he requested criminal charges be brought against his assailant  −  F. Semidey.

## COUNT III
## UNEQUAL PROTECTION

xxii.  Plaintiff re-alleges  ¶ i, incorporating it here by reference.

xxiii.  On 4/18/20, inmate Sadik Baxter (Baxter) was released prematurely from disciplinary confinement into the D2 *Horizon Program dorm*.  Even though he was not a program participant  and  was known by staff to be a violent inmate with an extensive disciplinary record, he was placed into a bunk right next the Plaintiff's bunk.

xxiv.  On 4/19/20,  Baxter was observed placing a metal shank weapon into the waistband on his pants.

xxv.  TO NO AVAIL − On 4/19/20,  inmate program leaders Richard Bennett and/or Arthur Lewis informed the duty Sergeant about Baxter's weapon and/ or  his verbal threats to extort the program's inmate participants.

xxvi.  Plaintiff re-alleges ¶s xi − ixv, incorporating them here by reference.

*80F-5/7*

xxvii. After the attack of ¶12 above, Baxter was placed in disciplinary confinement where – in violation of Chapter 33 of the Fla. Admn. Code (FAC),[1] he remained only 10 days before being released back into general population by Capt. Lopez.

xxviii. Returning from confinement, Baxter stopped by dorm D2 to brag about his short punishment for attacking Plaintiff, and to incite his "brother," Lumiel Cole, into attacking Plaintiff at the earliest opportunity.

ixxx. Incident to the attack of ¶12, above, Capt. Lopez asked Plaintiff at the medical building if he felt safe going back to D2, to which Plaintiff replied he'd feel safe moving to dorm D1. Lopez returned Plaintiff to D2 anyway.

xxx. On~5/28/20 at 10:00 p.m. in D2, inmate Lumiel Cole attacked Plaintiff in the shower and while beating him 2-3 minutes stated, "that's for [Baxter]." Cole then erroneously told inmate of bunk 101-up Plaintiff was gay. Cole's attack caused Plaintiff pain & suffering from neck injury, humiliation, anxiety and loss of programming with a prison camp transfer of choice.

xxxi. Plaintiff re-alleges ¶ixv, incorporating it here by reference.

xxxii. TO NO AVAIL – On 5/29/20, Plaintiff's brother, Wayne Mitchell, called Warden Duncan to inform him of the above assaults (how they happened after Plaintiff had been assaulted & cut by inmate Baxter and had requested re-housing to D1), and to Duncan to assist Plaintiff in pressing charges against all (3) assailants. *ask*

xxxiii. On 5/30/20, Plaintiff gave Capt. Lopez a statement in re to the 5/28/20 attacks, as above; but Lopez refused to take photos of Plaintiff's injuries following Sgt. Eibach's informing him Plaintiff was a TGP. Lopez decided to place Plaintiff into confinement against his will and stated it was because Mr. Wayne Mitchell had called the Warden.

xxxiv. TO NO AVAIL – On 5/11/20, Plaintiff sent Capt. Lopez an informal

---

[1] FAC 33-601.314 (1-10) Aggravated Battery = 60 days confinement + loss of ALL gain time.

grievance requesting Baxter be sent to controlled movement -enhanced confinement for no less than 180 days, in accordance with standard FDOC policy & procedures typically levied for aggravated battery on another inmate.

xxxv.  On 5/13/20 −  in violation of his ministerial duty under FAC 33-601.314 (1-10)(Aggravated Battery) and/or under §775.087, Fla. Stats. *Lopez* released Baxter from confinement after only 9 days following his battery on Plaintiff, as in ¶xii;  which only emboldened Baxter and other violent inmate (i.e. − Cole, 101-up and Semidey) to attack and injure Plaintiff as a perceived TGP.

xxxvi.  Plaintiff made request for criminal & administrative  action against Baxter to numerous FDOC staff other than Lopez  −  all to no avail.

xxxvii.  TO NO AVAIL − On 6/11/20, Plaintiff grieved that defendants' actions were purposely discriminatory and without penological justification, incited and/or sadistically permitted for no other reason,  except that Plaintiff was falsely perceived and mis-classified as a TGP.

xxxviii.  TO NO AVAIL− On 6/19/20, Plaintiff, asserting *Unequal Protection*, requested charges be pressed against inmates Cole and 101-up,  or either they be confined and their gain time forfeited,  pursuant to FAC 33-601.314(1-10).

xxxix.  TO NO AVAIL − On 6/26/20,  Plaintiff again sought charges against inmate Baxter for his battery of Plaintiff,  as in ¶xii.

xxxx.  On 8/12/20, Sgt. Lavorado stole $18.09 from Plaintiff by having Plaintiff sign a canteen receipt for items ordered in confinement which he knew were not placed in Plaintiff's property as he was preparing to transfer.

**Statement of Facts Continued** (*Page __6_of__7__* )

SoF- 7/7

# COUNT IV
## UNEQUAL PROTECTION

xxxxi.  TO NO AVAIL – On 12/31/21, while was a resident prisoner at Okaloosa
C.I. in Okaloosa County, Crestview, Florida – Plaintiff requested Inspector General
Officer L.E. Andrews a request to assist him in pressing criminal charges against
inmate Semidey for his battery against Plaintiff,  as in ¶xx, above.

_____

_____

_____

_____

_____

_____

_____

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

1) Plaintiff's 8th Amend right to be safely housed in prison - violated as in #s- viii, ix, x, ixx, xxv, ixxx, xxxii, xxxiii, xxxiv, xxxv, xxxvi-xxxix.

2) Plaintiff's Constitutional right to privacy and freedom from being cast in a false light for harassment and sadistic purposes - violated as in #s- iii, iv, v, xvi, xvii, xv, and ixx.

3) Plaintiff's 14th Amend right to protection equally under the law - violated as in #s viii, ix, x, xv, xvii, xviii, xxvii, xxxx and xxxxi.

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.



Judgment against each and every defendant:
1) $50,000.00 Compensatory Damage - Each defendant;
2) $50,000.00 Punitive Damage - Each defendant;
3) All costs and fees, including attorney fees;
4) All other relief the Court deems just.

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*)before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION: *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*** If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII.  PRIOR LITIGATION

***This section requires you to identify your prior litigation history.   Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.   You should err on the side of caution if you are uncertain whether a case should be identified.***

**ATTENTION: *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while***

*incarcerated or detained in any facility, brought an action or appeal in a*
*court of the United States that was dismissed on the grounds that it is*
*frivolous, malicious, or fails to state a claim upon which relief may be*
*granted, unless the prisoner is under imminent danger of serious physical*
*injury." 28 U.S.C. § 1915(g).*

A.  Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

☐ YES   ☑ NO

If "Yes," identify the case number, date of dismissal, and court for each case:

1.  Date:_____          Case                          #:
    _____

    Court: _____

    Reason: _____

2.  Date:_____          Case                          #:
    _____

    Court: _____

    Reason: _____

3. Date:_____     Case                                      #:

_____

Court: _____

Reason: _____

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing

with the same facts or issue involved in this case?

☑ YES ☐ NO

If "Yes," identify the case number, parties, date filed, result (*if not still*

1.Case #: 3:22-cv-23539  Parties: John Kolodziej, et al.

Court: U.S. Dist-N.D. Fla.  Judge: MCR/ZCB

Date Filed: 12/22   Dismissal Date (*if not pending*): Pending

Reason: Pending discovery and trial.

2.Case #: N/A           Parties: _____

Court:                  Judge: _____

Date Filed:             Dismissal Date (*if not pending*): _____

Reason: _____
*pending*)

, name of judge, and court for each case (*if more than one*):

*(If necessary, list additional cases on an attached page)*

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?.

☑ YES   ☐ NO

If "Yes," identify all lawsuits, petitions and appeals:

1. Case #: *22-6960*    Parties: *State of Florida*

   Court: *U.S. Supreme*  Judge: *R. Barnes*

   Date Filed: *12/29/22* Dismissal Date (*if not pending*): *5/15/23*

   Reason: *Denied without explanation.*

2. Case #: *22-7230*    Parties: *Ricky Dixon-FDOC SECTY*

   Court: *U.S Supreme*  Judge: *R. Barnes*

   Date Filed: *4/6/23*  Dismissal Date (*if not pending*): *5/-/23*

   Reason: *Denied without explanation.*

3. Case #: *3:21-cv-533*    Parties: *Ricky Dixon-FDOC SECTY*

   Court: *US Dist- N.D. Fla.* Judge: *L. Collier*

   Date Filed: *4/-/21*  Dismissal Date (*if not pending*): *10/-/22*

Reason: *Failed to Accept Equitable Tolling*

4. Case #: 22-12689-T   Parties: R. Rosenbaum

Court: U.S. 11th Cir.   Judge: _____

Date Filed: 10/-/22   Dismissal Date (*if not pending*): 12/-/22

Reason: *No Equitable Tolling Granted*

5. Case #: 21-6828   Parties: Ricky Dixon-FDOC Secty

Court: U.S. Supreme   Judge: S. Harris-Clerk

Date Filed: 1/3/22   Dismissal Date (*if not pending*): 3/21/22

Reason: *Declined To Accept.*

6. Case #: SC22-1099   Parties: State of Florida

Court: Fla. Supreme   Judge: J. Tomasino

Date Filed: 8/23/22   Dismissal Date (*if not pending*): 9/30/22

Reason: *Declined Jurisdiction*

(***Attach additional pages as necessary to list all cases.***) *See p. 19-2.*


# IX. CERTIFICATION

# LITIGATION HISTORY — Cont'd.

| (7) Fla. 1st DCA# | Filed | Dismissed | Reason |
|---|---|---|---|
| a) 1D22-0799 | ? | 9/13/22 | Denied |
| b) 1D21-2444 | 9/9/21 | 1/19/22 | Affirmed |
| c) 1D21-1804 | 8/30/20 | 2/24/21 | Affirmed |
| d) 1D21-1486 | ? | ? | Affirmed |
| e) 1D21-1341 | 5/9/21 | 10/4/21 | Affirmed |
| f) 1D21-0181 | 3/10/21 | 7/12/21 | Denied |
| g) 1D18-2453 | 1/8/19 | 3/16/20 | Affirmed |
| h) 1D15-5313 | 11/22/15 | 5/23/17 | Affirmed |
| (8) Fla. Supreme Ct. | | | |
| a) SC22-1099 | ? | 9/3/22 | Jurisdiction |
| b) SC22-0261 | ? | 2/5/22 | Declined |
| c) SC21-1398 | 10/17/21 | 11/24/21 | " |
| d) SC21-1486 | ? | 1/13/22 | " |

## VERIFICATION & OATH

I CERTIFY & SOLEMNLY AFFIRM I have read the foregoing Complaint, and I HEREBY VERIFY that all matters alleged herein are true, except as to matters alleged on information, belief or as "likely," and as to those — I have reason to and do believe they are credible and true. I CERTIFY UNDER PENALTY OF PERJURY that the above complaint is dead level true & correct.

~Executed at Crestview) /s/ [signature] James J. Mitchell
~Okaloosa County)      James J. Mitchell
~Florida)              Okaloosa C.I.-P#05456
                       3189 Col. Greg Malloy Rd.
                       Crestview, FL 32539

19-2

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3. I understand it is my obligation to timely notify the Clerk's Office if there is any change to my mailing address and that my failure to do so may result in a dismissal of the action.

Date: 1/11/24 Plaintiff's Signature

Printed Name of Plaintiff: _James Jonathan Mitchell_

Correctional Institution: _Century C.I. - P05455_
_400 Fedder Road_
_Century, FL 32535_

Address: _____

**I certify and declare, under penalty of perjury, that this complaint was**

**(*check one*) ☑ delivered to prison officials for mailing or ☐ deposited in**

**the prison's mail system for mailing on ~~the day of~~ ~~, 20~~ _January 11, 2024_**

Signature of Incarcerated Plaintiff: _____

Mr. James Jonathan [illegible]
Mailed From A
State Corrections
Institution, DC#
400 Tedder Road
Century, FL 32535

PITNEY BOWES

02 1P         $ 002.31⁰
0000932257    JAN 12 2024
MAILED FROM ZIP CODE 32535

U.S. DISTRICT COURT
1 N. Palafox Street

Pensacola FL 32502

PROVIDED TO
CENTURY CI

JAN 1 2 2024

FOR MAILING
RECEIVED BY

JAN 1 8 2024